IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **PERLA JUAREZ,** | § |
| *Plaintiff*, | § § § |
| v. | §  EP-22-CV-00222-KC-RFC |
| **MARTIN O'MALLEY, Commissioner of the Social Security Administration,** | § § § § |
| *Defendant*. | § § |

## REPORT AND RECOMMENDATION

On this day, the Court considered Plaintiff Perla Juarez's "Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b)" ("Motion") (ECF No. 26) and supporting documents, filed on July 19, 2024. This case was referred to the undersigned Magistrate Judge by the Honorable District Judge Kathleen Cardone. For the following reasons, the Court recommends that Plaintiff's Motion be **GRANTED**.

### I.  BACKGROUND

Plaintiff originally filed a claim for disability insurance benefits under Title II of the Social Security Act on March 27, 2020. Tr. Admin. R. 25, ECF No. 14-2. She alleged that her disability began on August 21, 2017. *Id.* Her claim was denied initially, denied at the reconsideration level, and denied after a hearing with Administrative Law Judge Janice L. Holmes. *Id.* at 22, 25. The Appeals Council denied Plaintiff's request for a review. *Id.* at 14.

Plaintiff filed suit in District Court in the Western District of Texas on June 30, 2022. *See* Compl., ECF No. 4. After she filed her brief, the Government filed an unopposed motion to remand the case back to the Social Security Administration ("SSA"). *See* Def.'s Unopposed Mot. to Reverse & Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), ECF No. 20. This motion

was granted by the District Court. *See* Order Reversing & Remanding for Further Administrative Proceedings, ECF No. 21.

Plaintiff then requested attorney's fees under the Equal Access to Justice Act ("EAJA"). *See* Pl.'s Mot. Award Att'y Fees Pursuant to the EAJA 28 U.S.C. § 2412(d), ECF No. 23. Plaintiff originally requested $10,488.00. *Id.* at 1. Subsequently, Plaintiff and the Government filed a joint stipulation of EAJA fees in the amount of $9,100.00. Joint Stipulation for EAJA Fees 1, ECF No. 24. The District Court awarded Plaintiff $9,100.00 in fees. *See* Order Granting Att'y's Fees, ECF No. 25.

After the case was remanded back to the SSA, another Administrative Law Judge found Plaintiff to be disabled. Treyvus Decl. ¶ 4, ECF No. 26. The SSA issued her a Notice of Award on July 1, 2024. *See* SSA Notice of Award Ex. A, ECF No. 26-1. Her total past-due Social Security benefits for the period from March 2019 to January 2024 were $75,432.00. *Id.* at 3. The SSA withheld twenty-five percent of these benefits, or $18,858.00, for payment to Plaintiff's counsel. *Id.* Plaintiff had signed a fee agreement with her counsel promising twenty-five percent of her past-due benefits, if awarded, to be paid to her attorneys. Fee Agreement Ex. B, at 1, ECF No. 26-1. Plaintiff's attorneys now seek twenty-five percent of her past-due benefits. Mot. 1, ECF No. 26; SSA Notice of Award at 3. Because they were already paid $9,100.00 under the EAJA, Plaintiff's attorneys seek to offset their fee by the amount already paid them. Mot. 1. Thus, at this time, they request that only an amount of $9,758.00 be awarded to them. *Id.* The Government responded, neither supporting not opposing the request. Def.'s Resp. Pl.'s Pet. Att'y's Fees Under 42 U.S.C. § 406(b) at 1, ECF No. 27.

## II.   DISCUSSION

### A. Applicable Law

Under 42 U.S.C. § 406(b), when "a court renders a judgment favorable to a claimant . . . who was represented . . . by an attorney," the court may award the attorney up to twenty-five percent of the claimant's total past-due benefits as payment for the attorney's representation. 42 U.S.C. § 406(b)(1)(A).[1] The EAJA also allows "a prevailing party" to be awarded "fees and other expenses," including in cases of "judicial review of agency action." 28 U.S.C. § 2412(d)(1)(A). An attorney of a social security claimant may receive fees under both the EAJA And § 406(b), but the attorney must refund to the claimant the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

In *Gisbrecht*, the Supreme Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Before *Gisbrecht*, courts often calculated what a reasonable fee would be under 42 U.S.C. § 406(b) using a "lodestar" calculation, which is "the number of hours reasonably devoted to each case . . . multiplied by a reasonable hourly fee." *Id.* at 797–98. In *Gisbrecht*, the Supreme Court held that courts should look to the contingent fee agreement, not the lodestar method, for calculating such fees. *Id.* at 807. Courts should "test[] [a contingent fee agreement] for reasonableness," and should adjust a contingency fee award downward if the attorney is responsible for a delay in the awarding of benefits to the claimant or if the fee would be a windfall for the attorney when considering the amount of time the attorney spent on the case. *Id.* at 808. The Fifth Circuit has subsequently held that "courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating

---

[1] 42 U.S.C. § 406(a) separately allows a fee for representation at the administrative level that is the lesser of either twenty-five percent of past-due benefits or $7,200. 42 U.S.C. § 406(a)(2)(A)(ii). The Supreme Court has held that the twenty-five percent caps mentioned in § 406(a) and § 406(b) are independent of each other. *Culbertson v. Berryhill*, 586 U.S. 53, 61–62 (2019).

3

that the excessively high fee would result in an unearned advantage." *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010).

### B. Analysis

The real party in interest in this case is Plaintiff's attorney, Kira Treyvus. *See Jeter*, 622 F.3d at 374 (naming the real party in interest as the Social Security benefits claimant's attorney, not the claimant himself); Def.'s Resp. Pl.'s Pet. Att'y's Fees Under 42 U.S.C. § 406(b) at 1 ("Although the motion for fees is filed under Plaintiff's name, her counsel, Kira Treyvus, is the real party-in-interest . . . ."). The contingent-fee agreement between Plaintiff and Treyvus permits Treyvus and her firm to receive twenty-five percent of Plaintiff's past-due benefits as payment "for work performed in connection with federal court litigation." Fee Agreement at 1. Therefore, under *Gisbrecht*, the Court should conduct an analysis to make sure that this amount is reasonable.

As to the first reasonableness factor identified by *Gisbrecht*, there is no evidence that Treyvus unduly delayed the case. As to the second reasonableness factor, the Fifth Circuit has "hesitate[d] . . . to prescribe an exhaustive list of the precise factors our lower courts must consider in order to determine whether a particular fee is unearned," *Jeter*, 622 F.3d at 381, but has listed some elements that a court may consider when analyzing whether fees under § 406(b) constitute a windfall: the risk of loss in the representation, the experience of the attorney, the percentage of past-due benefits that the fee constitutes, the value of the case to the claimant, the degree of difficulty of the case, and whether the claimant agreed to the requested fee. *Id.* at 382.

The time sheet provided by Plaintiff's counsel shows that, if her attorneys billed her at their regular hourly rates, the total expense of the appeal in federal district court to Plaintiff would have

4

been only $10,388, not $18,858. *See* Time Sheet Ex. C, ECF No. 26-1.[2] The District Court previously granted Plaintiff's EAJA fee petition, thus implicitly finding that the 44.8 hours expended by Plaintiff's attorneys on her case were reasonable. Therefore, if the Court considers the total fee amount requested, $18,858, divided by the number of hours worked, 44.8, Plaintiff's counsel's hourly fee would be $420.94. *See id.* However, the fact that Treyvus is earning more for this case under a contingent fee arrangement than she would if she had billed Plaintiff hourly does not necessarily mean that the requested fee would constitute a windfall. *See Tyson C. v. O'Malley*, No. 4:17-CV-1309, 2024 WL 1996125, at *4 (S.D. Tex. May 6, 2024) ("[T]he Fifth Circuit has recognized that in § 406(b) cases, 'an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable.'"). Here, Treyvus took the case on a contingency fee basis, thus opening herself up to the risk of receiving no payment for her work. *See* Treyvus Decl. ¶ 8 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)); *see also Jeter*, 622 F.3d at 379 n.9 ("Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level." (citation omitted)). Treyvus also represents that her firm is extremely experienced in and focuses on handling social security disability cases at the federal court level. *Id.* ¶¶ 14–23. Plaintiff is receiving a total of $75,432.00 in past-due benefits (minus the amount withheld to pay her counsel), will obtain future monthly payments of $1,283.00 for at least the next three years (when her disability status must be reviewed by the SSA), and is entitled to Medicare benefits. SSA Notice of Award 1–5. Thus, Plaintiff received considerable value from her attorneys' work. Additionally, Plaintiff agreed to the requested fee, as seen in the fee agreement. Lastly, the case

---

[2] In total, three attorneys, Bryan Konoski, Jason Quick, and Kira Treyvus, worked on Plaintiff's appeal. Treyvus's hourly rate is listed as $222.50, Quick's is $235.00, and Konoski's is $235.00. Treyvus worked on the case for seven hours, Quick worked on the case for thirty-seven hours, and Konoski worked on it for 0.8 hours.

did present some degree of difficulty: Plaintiff's attorneys produced a 23-page brief with three major issues, showing that they put time and effort into reading the administrative record and researching the case. Thus, the Court concludes that the total fee of $18,858.00 requested by Treyvus is reasonable and not a windfall.

Plaintiff's counsel also requests that, instead of receiving a full payment under § 406(b) and remitting the EAJA payment to Plaintiff, they receive an amount under § 406(b) that is offset by the amount they have already received under the EAJA. The Fifth Circuit has implied that this is appropriate, stating that "an award of fees under § 406(b) must be offset by the amount of any award granted for the same work under the EAJA." *Kellems v. Astrue*, 628 F.3d 215, 217 (5th Cir. 2010). The Eleventh Circuit has also approved of this arrangement in *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010). It concluded that the district court, rather than awarding the claimant's attorney the full twenty-five percent of past-due benefits and requiring him to refund the EAJA award, could have just awarded the attorney the difference between the two amounts. *Id.* at 1271–72. The EAJA Savings Provision, which is a note in the EAJA that requires attorneys who receive payment under both the EAJA and § 406(b) to return the smaller fee to the claimant, is only meant to prevent attorneys from receiving a "double recovery" in under both the EAJA and § 406(b) and does not require a refund in cases where there is no concern about a double recovery. *Id.* at 1272. Here, there is no concern that the payment that Treyvus requests would result in a double recovery. Therefore, the Court will grant Plaintiff's request and deduct the amount already recovered under the EAJA from Plaintiff's counsel's recovery under § 406(b).

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Perla Juarez's Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b) (ECF No. 26) be **GRANTED**

and that Plaintiff's counsel be **AWARDED $9,758.00** in attorney's fees to be certified for payment out of Plaintiff Perla Juarez's past-due benefits held by the Commissioner for such purposes.

**SIGNED** this 23rd day of August, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**